Judgment reversed and complaint ordered dismissed. No costs.

VIRGINIA DINGLEBERRY, CLAIMANT-APPELLANT, v. BOARD OF REVIEW, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, STANDARD BRANDS, INC., AND HILLS BROTHERS COFFEE CO., RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted October 4, 1977—Decided December 9, 1977.

Before Judges LORA, SEIDMAN and MILMED.

*Messrs. Brownstein & Gold,* attorneys for appellant (*Mr. Mark E. Gold* on the brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent Board of Review, Department of Labor and Industry (*Mr. Michael S. Bokar,* Deputy Attorney General, of counsel; *Mr. Ivan J. Punchatz,* Deputy Attorney General, on the brief).

No briefs were filed on behalf of the remaining respondents.

The opinion of the court was delivered by

MILMED, J. A. D. Claimant appealed to the Appeal Tribunal from a determination of a deputy that she was ineligible for unemployment compensation benefits because of an insufficient number of base weeks, or, in the alternative, insufficient earnings (less than $2,200) in employment in the base year, in this case from February 9, 1975 through February 7, 1976. After a hearing the Appeal Tribunal affirmed the determination of the deputy. It found that in the base year: claimant worked for Hills Brothers Coffee Co. for six weeks earning $714.52[1]; she also worked for Standard Brands, Inc. for six weeks earning $1,177.16; she was temporarily laid off from Standard Brands, Inc. on September 5, 1975, the lay-off becoming permanent on December 5, 1975; she received from Standard Brands vacation pay in the amount of $251.28 "which represented six days for the

---

[1]The transcript refers to five weeks with earnings of $714.62.

week ending November 16, 1975," and severance pay of $1,815[2] in accordance with a union contract.[3]

The appeals examiner who heard the matter concluded that

> The severance pay was not paid to the claimant for any services rendered or for services which she might have been required to perform but were waived. It was strictly stipulated in the union contract that the severance must be paid.

The claimant was, accordingly, found to have worked in the base year "a total of 12 weeks with total earnings of $2,142.96,"[4] a sum $57.04 short of the statutory minimum for eligibility of $2,200. *N. J. S. A.* 43:21–4.

*N. J. S. A.* 43:21–4(e) provides that:

> An unemployed individual shall be eligible to receive benefits with respect to any week only if it appears that:
> *         *         *         *         *         *         *         *
> (e) With respect to a base year as defined in subsection (c) of R. S. 43:21–19 he has established at least 20 base weeks as defined in subsection (t)[5] of R. S. 43:21–19, or, in the alternative, has earned $2,200.00 or more in his base year.

_____

[2] Less deductions for taxes, including unemployment insurance worker's contributions. *N. J. S. A.* 43:21–7(d).

[3] The collective bargaining agreement provides in pertinent part:
　An employee with three years of seniority who is permanently laid off because of a reduction in the work force by the Company and not recalled in twelve (12) months shall receive a severance allowance based upon one (1) week (base rate by 40) for each year of service up to a maximum of thirty (30) years — plus all emoluments due and owing the affected employee, such as earned but unused vacation pay.
Of the alternative methods of payment offered to her, claimant chose to be paid the severance allowance in a lump sum computed at the rate of $165 for each of her 11 years of service.

[4] Composed of the $714.52 from Hills Brothers Coffee Co. and the $1,177.16 and $251.28 from Standard Brands, Inc.

[5] "* * * any calendar week of an individual's base year during which he earned in employment from an employer remuneration equal to not less than $30.00; * * * ."

· In disapproving claimant's claim for benefits, the appeals examiner reasoned:

> R. S. 43:21-5(p)[6] [*sic*] provides:
> (p) "Remuneration" means all compensation for personal services, including commissions and bonuses and the cash value of all compensation in any medium other than cash.
> Accordingly, the severance pay could be considered earnings if it was paid for services rendered or services which the employer might require of the employee but waived. However, in this particular instance the monies which the claimant received was based upon past services rendered and the claimant was not required to perform services and therefore cannot be used to establish a valid claim. In addition, the claimant wishes monies to be considered earnings for a new claim but already collected unemployment benefits when the severance pay was not considered a bar to benefits at it was paid for past services.

The Board of Review affirmed the decision of the Appeal Tribunal. This appeal followed.

██ Clearly, receipt of the severance pay did not *per se* operate to disqualify claimant from receiving unemployment compensation benefits for any of the weeks following her permanent layoff. *Western Electric Co. v. Hussey,* 35 *N. J.* 250 (1961); *Butler v. Bakelite Co.,* 32 *N. J.* 154 (1960). However, that is not the issue which confronts us. The single issue before us on this appeal is whether all or any part of that severance pay should be treated as monies "earned" by claimant in her base year, *i. e.,* from February 9, 1975 through February 7, 1976, in determining her eligibility for such benefits under *N. J. S. A.* 43:21-4(e). In arriving at their decision to exclude all of the severance pay, the Appeal Tribunal and Board of Review obviously failed to distinguish between that portion attributable, under the collective bargaining agreement, to services performed by claimant in her "base year," *N. J. S. A.* 43:21-19(c), and the remainder attributable to services performed by her in the ten prior years.

---

[6]Obviously, *N. J. S. A.* 43:21-19(p) was intended.

In a real sense * * *' [severance pay] is remuneration for the service rendered during the period covered by the [collective bargaining] agreement. [*Owens v. Press Publishing Co.*, 20 *N. J.* 537, 546 (1956)].

See also, *Adams v. Jersey Central Power & Light Co.*, 21 *N. J.* 8, 14–16 (1956); *Botany Mills, Inc. v. Textile Workers Union of America, AFL-CIO*, 50 *N. J. Super.* 18, 30 (App. Div. 1958), certif. granted, 27 *N. J.* 320 (1958), app. dism., April 27, 1959; *Commodore v. Armour & Company*, 201 *Kan.* 412, 441 *P.* 2d 815, 821 (Sup. Ct. 1968). In *Botany Mills, supra*, this court stated:

Vacation pay, as well as severance pay, has often been said to be in the nature of deferred compensation, in lieu of wages, earned in part each week the employee works, and payable at some later time. *Owens v. Press Publishing Co.*, 20 *N. J.* 537, 547 (1956); *In re Wil-low Cafeterias*, 111 *F.* 2d 429, 432 (2 Cir. 1940); *Goodall-Sanford, Inc. v. United Textile Workers*, [233 *F.* 2d 104, 1 Cir.] *supra; In re Potoker*, [286 *App. Div.* 733, 146 *N. Y. S.* 2d 616] *supra; Div. of Labor Law Enforcement v. Ryan Aeronautical Co.*, 106 *Cal. App.* 2d *Supp.* 833, 236 *P.* 2d 236, 130 *A. L. R.* 2d 347 (Super. Ct., App. Dept. 1951); *In re National Casket Co.*, 17 *Lab. Arb.* 570 (1951); *In re A. D. Julliard Co.*, 18 *Lab. Arb.* 896 (1952). In the case of vacation pay, that future date is usually fixed; with severance pay it is dependent on termination of employment. In this sense such benefits "accrue" during the work year, not merely on the date when they become payable. * * * [50 *N. J. Super.* at 30]

This being so, claimant was entitled to have included in her base year earnings the $165 attributable to the eleventh year of her service, thus bringing to $2,307.96 her total earnings in her base year. She, accordingly, qualified for benefits under the governing statute. *N. J. S. A.* 43:21-4(e).

The decision under review is reversed and the matter is remanded to the Department of Labor and Industry for further proceedings consistent with this opinion.