670 A.2d 1116

MARK W. FORD, APPELLANT, v. BOARD
OF REVIEW, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 17, 1996—Decided February 14, 1996.

Before Judges DREIER, A.M. STEIN and KESTIN.

*Mark W. Ford,* appellant submitted a pro se brief.

*Deborah T. Poritz,* Attorney General, attorney for respondent (*Mary C. Jacobson,* Assistant Attorney General, of counsel; *Andrea R. Grundfest,* Deputy Attorney General on the brief).

The opinion of the court was delivered by

DREIER, P.J.A.D.

Claimant appeals from a Board of Review decision requiring that he reimburse the Division for $7,700 in unemployment benefits paid for the months of June to November following his termination as an employee of a law firm. Following the termination, claimant established his own law practice, but also actively sought employment with other law firms. He claims that during the initial months of private practice he opened relatively few files and at any time would have closed his incipient law office and accepted a job had he been able to obtain a reasonable offer.

As in any review of a final decision of an administrative agency, we will sustain the administrative rulings if the findings could reasonably have been reached on substantial credible evidence in the record, considering the proofs as a whole. We give due regard to the ability of the administrative agency to judge credibility and to the expertise of the agency. We will "reverse the decision of the administrative agency only if it is arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." *Henry v. Rahway State Prison,* 81 *N.J.* 571, 579–580, 410 *A.*2d 686 (1980).

The facts in this case were determined by the Board of Review, which accepted and supplemented the findings of the Appeal Tribunal. The Appeal Tribunal determined that claimant was last employed as a lawyer for the firm of Console & Curcio from June 5, 1989 until June 5, 1992. He filed his claim for unemployment benefits on May 31, 1992 and such benefits were paid to him from June 13, 1992 through November 28, 1992 at the rate of $308 per week for a total of $7,700.

■ On June 3, 1992, the claimant established his own law office by incorporating as "Mark W. Ford, P.C." This professional corporation remains in existence. Initially, he worked out of his fiancee's home, but on July 21, 1992 he entered into a lease of commercial office space for $5,000 per year. The telephone records for the new firm indicate that he thereafter placed calls on a regular basis between 8:30 a.m. and 5:00 p.m. Between June 7, 1992 and November 28, 1992 he opened nearly 150 case files and his gross receipts for the June through December 1992 period were $32,855.

The Board of Review noted additionally that the claimant had purchased computer equipment and fax machines and maintained a business checking account. Additionally, he employed at least three other individuals to work for him during various periods in the latter half of 1992. Claimant also informed the Tribunal that his decision concerning closing his law office would depend on what kind of offer he received for other employment.

*N.J.S.A.* 43:21-4(c)(1) conditions eligibility for unemployment compensation upon a finding that the claimant "is able to work, and is available for work, and has demonstrated to be actively seeking work." The Appeal Tribunal determined that since claimant had started his own business, continued in the business through the date of decision, and in fact had worked in this business through the dates for which he had claimed unemployment compensation, he could not be considered to be unemployed. Additionally, he was therefore unavailable for work during those weeks. The Tribunal thus directed him to refund the $7,700. The Board of Review affirmed this conclusion, noting that "the claimant was devoting full-time efforts to building his own business." The Board therefore rejected claimant's testimony that he would have accepted other work outside his own corporation. The Board concluded, therefore, that "the claimant has not demonstrated that he was, in fact, available for work or genuinely attached to the labor market and he is ineligible for benefits from June 7, 1992 through November 28, 1992." .

We fully concur with the determination of the Board of Review, but wish to elaborate on the points raised in its decision. At a time of corporate down-sizing and the release of innumerable professionals into the job market, there has been a proliferation of accountants, engineers, bankers, computer specialists and others, as well as attorneys, who have turned to establishing their own practices or consulting businesses as alternatives to corporate employment. Where, as here, the claimant was clearly pursuing a new business in furtherance of his own career, he was properly declared ineligible for unemployment compensation.

We do not, however, understand the Board of Review's decision in this case as establishing a general policy that an unemployed worker who seeks to augment his or her income by establishing a temporary private practice or consulting business while actively seeking employment is automatically disqualified from unemployment benefits. We trust that the Division of Unemployment and the Board of Review accepts the principle that an unemployed individual who is actively seeking employment may seek some independent professional income or consulting fees to "keep the wolf from the door" while contemporaneously receiving unemployment benefits. Of course, total candor must be shown in the application for benefits with all such income and efforts properly revealed. An attorney who spends the day looking for work but who represents defendants in municipal courts in the evening, or who writes a few wills or handles some real estate closings, nevertheless may not cross the line from an eligible beneficiary to a self-employed attorney who is removed from the job market. Outside of the legal field there are, no doubt, unemployed teachers privately tutoring students while they seek permanent employment, unemployed programmers acting as private computer consultants, and many others in similar situations. In law particularly, the ease of transferring any open files the attorney has generated as an individual to an eventual employer makes the transition between the temporary expedient of a private office and a permanent self-employed private practice difficult

to discern. Clearly the decision, which must be made on a case-by-case basis by the proper administrative authorities, might be most effectively regulated by appropriate guidelines promulgated through the agency's rule-making authority.

In the administrative evaluation of this issue, some factors that might be considered would be (1) the income received from the new business measured against both the prior salary received and the salary sought in the search for work, (2) the accoutrements of a permanent business established by the claimant, (3) the hours dedicated to the new business versus the efforts expended to seek outside employment, and (4) the continued amenability of the claimant to a broad spectrum of appropriate employment. In the case before us, the claimant would have failed each of these criteria.

The fact that substantial income may not have been received during the start-up period for claimant's business does not negate the other salient factors. Income for this purpose is attributed to the time it is earned, not when it is actually received. *Dingleberry v. Board of Review,* 154 *N.J.Super.* 415, 419, 381 *A.*2d 809 (App.Div.1977). Also, in many businesses there is a start-up period where little income is received, or the income earned must be used to pay the business's initial expenses. Unemployment compensation benefits are not the State's contribution to the start-up costs of a new business in which the claimant is employed full time. The Division has a duty, which it here properly discharged, to determine whether a claimant truly is available for work or, conversely, is a self-employed individual. *Pedalino v. Board of Review,* 83 *N.J.Super.* 449, 452, 200 *A.*2d 351 (App.Div.), *certif. denied,* 43 *N.J.* 129, 202 *A.*2d 702 (1964).

With this additional explanation, the determination of the Board of Review is affirmed substantially for the reasons set forth in its decision of September 29, 1994.