NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1409-15T2

LATOYA THOMPSON,

 Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR, AND BERAT
CORPORATION,

 Respondents.
______________________________

 Argued May 10, 2017 – Decided June 12, 2017

 Before Judges Hoffman and Whipple.

 On appeal from Board of Review, Department of
 Labor, Docket No. 065,756.

 Latoya Thompson, appellant, argued the cause
 pro se.

 Aimee Blenner, Deputy Attorney General, argued
 the cause for respondent Board of Review,
 Department of Labor (Christopher S. Porrino,
 Attorney General, attorney; Melissa Dutton
 Schaffer, Assistant Attorney General, of
 counsel; Lauren J. Zarrillo, Deputy Attorney
 General, on the brief).

 Amy B. Goldstein argued the cause for
 respondent Berat Corporation (Kaufman
 Dolowich & Voluck, L.L.P., attorneys; Gregory
 S. Hyman and Katharine W. Fogarty, on the
 brief).

PER CURIAM

 Appellant appeals from an October 21, 2015 decision by the

Board of Review for the New Jersey Department of Labor affirming

the denial of appellant's request for unemployment benefits. We

affirm.

 Respondent Berat Corporation (Berat) hired appellant as a

part-time cashier at its Glassboro ShopRite on June 30, 2014.

Berat terminated appellant's employment on June 28, 2015, after a

customer complained she used foul language in the register line.

Appellant claims she only used profanity in response to customers

and coworkers yelling at her. When confronted, appellant admitted

she used profanity, but she asserted she was responding to

obscenities directed at her by other people in the store. She

argued she faced a hostile work environment from the time she was

hired and had filed multiple complaints with the company regarding

work conditions throughout her employment. During her employment,

her allegations of harassment were investigated and determined to

be unfounded. The store's review of surveillance footage regarding

the incident showed no one interacting with appellant. Appellant

was counseled and suspended pending termination in order for her

 2 A-1409-15T2
to exercise the option of grieving the termination through the

union.

 Appellant filed for unemployment compensation benefits on

June 28, 2015. Following the suspension, a union meeting was

scheduled, but appellant refused to participate. On July 4, 2015,

appellant submitted a letter wherein she requested her employer

"to proceed with the termination process," and "I have been forced

to resign and no-longer feel safe based on the practices that

company has subjected me to."

 In a determination mailed August 5, 2015, appellant was

informed she was disqualified for unemployment benefits because

she was terminated for "severe misconduct connected with the work."

Appellant appealed, and a hearing was held on September 11, 2015.

At the hearing, appellant admitted she used profanity in front of

a customer but said it was in response to harassment from coworkers

and customers in the store. Appellant also admitted she had not

looked for work because she was undergoing treatment, but she said

she was able to work and would "always be willing to work."

 On September 14, 2015, an Appeals Tribunal mailed its

decision, finding appellant was discharged for using profanity in

front of a store customer in direct violation of company policy.

The Tribunal determined appellant was not eligible for benefits

because her actions constituted simple misconduct, N.J.S.A. 43:21-

 3 A-1409-15T2
5(b), and she had not actively sought work, N.J.S.A. 43:21-4(c).

This appeal followed.

 On appeal, appellant argues she was wrongfully terminated due

to a hostile work environment, was subject to unfair practices,

and should have been determined eligible. She argues, but for her

employer's mistreatment, she would still be employed. She asserts

she did not actively seek employment because she is undergoing

medical treatment.

 We maintain a limited capacity when reviewing administrative

agency decisions. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997)

(citing Pub. Serv. Elec. v. N.J. Dep't of Envtl. Prot., 101 N.J.

95, 103 (1985)). We will not upset the ultimate determination of

an agency unless shown that it was arbitrary, capricious or

unreasonable, it violated legislative policies expressed or

implied in the act governing the agency, or the evidence does not

support the findings on which the decision is based. Ibid.

 We begin by noting our recent pronouncement invalidating the

Department of Labor and Workforce Development's definition of

"simple misconduct" as arbitrary and capricious without prejudice

to the agency's adoption of a substitute regulation in conformance

with the regulatory scheme. See In re N.J.A.C. 12:17-2.1, A-4636-

14T3 (App. Div. May 1, 2017). We review the agency's finding of

simple misconduct in light of that decision.

 4 A-1409-15T2
 Here, it was determined appellant was terminated for simple

misconduct for using profanity in the presence of a customer.1

Berat argues appellant's conduct violated appropriate courses of

customer service, as well as the store's "zero tolerance policy,"

and constituted severe misconduct, notwithstanding appellant's

assertion she was responding to harassment. Appellant argues she

was subjected to a hostile work environment but provides no

evidential support for her assertions. The record demonstrates

her employer investigated such charges and found no evidence. The

Appeals Tribunal found appellant had pursued the proper channels

to address any harassment, and while her use of inappropriate

language was unjustified, the behavior constituted simple

misconduct rather than severe misconduct. Because we have

determined the agency's definition of simple misconduct is under

review for corrective action, we decline consideration of that

premise and affirm on a different basis.2

1
 An Appeals Tribunal concluded appellant was terminated
notwithstanding the assertion of Berat she resigned from her
position by a letter dated July 2, 2015.
2
 In In re N.J.A.C. 12:17-2.1, we stayed our decision for a 180-
day period to enable the Department of Labor and Workforce
Development to take appropriate corrective action or pursue
further review in the Supreme Court. A-4636-14T3 (App. Div. May
1, 2017).

 5 A-1409-15T2
 We turn to the alternate basis for denying appellant's

unemployment benefits, appellant's failure to actively seek work

pursuant to N.J.S.A. 43:21-4(c)(1). We affirm the Board of

Review's determination. This statute provides that an individual

is not eligible for unemployment compensation unless the

individual "is able to work, and is available for work, and has

demonstrated to be actively seeking work." Ford v. Bd. of Review,

287 N.J. Super. 281, 284 (App. Div. 1996) (quoting N.J.S.A. 43:21-

4(c)(1)).

 During the administrative hearing, appellant testified she

was able to work, was available to work but was not actively

seeking work because she was in a three-day-per week intensive

outpatient program for medication management. When asked by the

examiner if treatment precluded her from working, she testified

her doctor told her "[she] could still pursue [her] . . . endeavors

and [her] educational goals, and stuff like that." She testified

her doctor never told her she could not work, and she was "not

turning down any . . . jobs." Based on the substantial credible

evidence in the record that appellant was not seeking work pursuant

to N.J.S.A. 43:21-4(c)(1), and such a determination was not

arbitrary, capricious nor an abuse of discretion, we affirm the

decision appellant was ineligible for benefits from June 28, 2015

through September 5, 2015.

 6 A-1409-15T2
Affirmed.

 7 A-1409-15T2