**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4382-17T4

DOROTHY MOORE,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and BERGEN REGIONAL
MEDICAL CENTER, LP,

     Respondents.

_____

Submitted October 17, 2019 – Decided October 31, 2019

Before Judges Whipple and Mawla.

On appeal from the Board of Review, Department of Labor, Docket No. 077,190.

Dorothy Moore, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Alexis F. Fedorchak, Deputy Attorney General, on the brief.)

Respondent Bergen Regional Medical Center has not filed a brief.

PER CURIAM

This matter returns after a remand to the Board of Review (Board). Claimant Dorothy Moore appeals from the April 17, 2018 final agency decision of the Board affirming the February 21, 2018 decision of an Appeal Tribunal (Tribunal), which held claimant was ineligible for benefits from November 1, 2015, through October 29, 2016, under N.J.S.A. 43:21-4(c)(1). We affirm.

Moore worked for Bergen Regional Medical Center as a patient account management representative from April 24, 2006, until September 25, 2015. She was a representative of the union and often walked to work because it was near her house. However, after death threats were leveled against Moore and her family over a custody dispute, she resigned her position unexpectedly and moved out of state. Before leaving, she filed a police report.

Once settled in her new home out-of-state, Moore filed for unemployment benefits on November 1, 2015, and submitted a total of four job applications online between then and January 2016. The Deputy for the Director of the Division of Unemployment Insurance denied her application for unemployment benefits on December 3, 2015, finding Moore left work voluntarily without "good cause attributable to the work."

Moore appealed to the Tribunal and participated in the telephonic hearing conducted on January 12, 2016. At the telephonic hearing, Moore testified the reason she left her job was because "on September 28th, in the middle of the night" she, her son, and her grandchildren "packed up and . . . left [her] home" because her grandchildren's mother made "death threats" against her and her family after Moore's son, who lived with Moore, was awarded custody of the children. According to Moore, although the children's mother had never resided with her on a permanent basis, she lived with Moore for "a little more than a year off and on" before the children were born. The death threats were under investigation by police in her former New Jersey town; Moore testified that she sent a copy of the police report to the unemployment office, and she agreed to send another copy to the Tribunal examiner.

N.J.S.A. 43:21-5(j), allows the payment of benefits to individuals who resign from their employment "due to circumstances directly resulting from the individual being a victim of domestic violence as defined in" N.J.S.A. 2C:25-19. However, after reviewing her assertions and relying on the fact that the children's mother never lived with Moore on a permanent basis, the Tribunal determined that Moore did not qualify for benefits under subsection (j). In its decision, the Tribunal used a definition of a "[v]ictim of domestic violence" that predated amendments to N.J.S.A.

A-4382-17T4

2C:25-19(d) and determined that Moore did "not meet the qualifications of [t]he New Jersey Code [o]f Criminal Justice 2C:25-19(d) and [was] therefore not eligible for benefits under the statute." The Tribunal affirmed the determination of the Deputy, concluding that because Moore "left work due to personal problems which were neither caused by her employer nor the result of the nature of the work itself," Moore was disqualified under N.J.S.A. 43:21-5(a) as she "left work voluntarily without good cause attributable to such work." Moore appealed to the Board and in a May 3, 2016 decision, the Board adopted the findings of the Tribunal and affirmed the Tribunal's decision.

We reversed and remanded because we determined Moore qualifies as a victim of domestic violence under the current definition contained in N.J.S.A. 2C:25-19(d). Moore v. Bd. of Review, No. A-4455-15 (App. Div. Aug. 25, 2017) (slip op. at 9). On remand, the Board was to consider whether the police report submitted to support Moore's claim was sufficient documentation as required under N.J.S.A. 43:21-5(j)(2), as well as to reconsider her eligibility for benefits. Moore, slip op. at 9. However, we took no position as to what impact the Tribunal's determination that Moore's work search was "academic" would have on claimant's eligibility for benefits, since at that time it was not the primary basis for the Board's decision. Moore, slip op. at 9 n.1.

In September 2017, the Board remanded the matter to the Appeals Tribunal and a new hearing was held on October 20, 2017. During that hearing, Moore testified further as to the time period her grandchildren's mother lived with her, as well as to her limited search for work, which included her temporary retirement beginning on February 7, 2016. The Tribunal mailed a decision disqualifying Moore for benefits as of November 1, 2015, pursuant to N.J.S.A. 43:21-5(a), because she left work voluntarily without good cause attributable to work. Further, the Tribunal found Moore ineligible for benefits from November 1, 2015 to October 29, 2016, pursuant to N.J.S.A. 43:21-4(c)(1), because she was not available for work and was not actively seeking work. Moreover, the Tribunal found Moore did not qualify as a domestic violence victim under N.J.S.A. 2C:25-19(d) because the mother of her grandchildren was not a "household member."

Moore appealed to the Board, and in its decision the Board remanded the case to the Tribunal for an additional finding regarding whether or not the police report submitted by Moore was sufficient evidence to qualify her for benefits under N.J.S.A. 43:21-5(j)(2). Thereafter, a third hearing was conducted on February 21, 2018. On the same day, the Tribunal held Moore ineligible for unemployment benefits under N.J.S.A. 43:21-4(c)(1) during the relevant time period because she was unavailable for work and had not actively sought work. The tribunal determined

that even if Moore qualified as a victim of domestic violence, the work search and availability requirements were not waived, and Moore did not meet either the requirements of an active work search or sufficient availability for work in order to maintain her eligibility for benefits. Moore appealed to the Board, and on April 17, 2018 the Board rejected the findings of the Tribunal as to Moore's status as a victim of domestic violence, but adopted the conclusion of the Tribunal that Moore did not otherwise meet the eligibility requirements under N.J.S.A. 43:21-4(c)(1). This appeal followed.

On appeal, Moore argues it was difficult to look for work under the circumstances of her age, health, lack of a driver's license, and her relocation to an unfamiliar state. She also asserts that she left her home under frightening circumstances and did not imagine she would lose her benefits.

As in any review of a final decision of an administrative agency, we will sustain the administrative rulings if the findings could reasonably have been reached on substantial credible evidence in the record, considering the proofs as a whole. Ford v. Bd. of Review, 287 N.J. Super. 281, 283 (App. Div. 1996). We give due regard to the ability of the administrative agency to judge credibility, as well as to the expertise of the agency. We will "reverse the decision of the administrative agency only if it is arbitrary, capricious or unreasonable or it is not supported by

substantial credible evidence in the record as a whole." <u>Henry v. Rahway State Prison</u>, 81 N.J. 571, 579-80 (1980).

Although we are sympathetic to Moore's plight, we discern no error requiring us to reverse the Board's decision. We therefore affirm the Board's determination. The Board's alternate basis for denying appellant's unemployment benefits was her failure to actively seek work pursuant to N.J.S.A. 43:21-4(c)(1). This statute provides that an individual is not eligible for unemployment compensation unless the individual "is able to work, and is available for work, and has demonstrated to be actively seeking work." <u>Ford</u>, 287 N.J. Super. at 284 (quoting N.J.S.A. 43:21-4(c)(1)). As for what constitutes actively seeking work, "reading want ads and telephoning a few places" is not enough. <u>Guidice v. Bd. of Review</u>, 14 N.J. Super. 335, 338 (App. Div. 1951) (citations omitted).

Here, Moore's testimony in her three administrative hearings demonstrated she was not available for work, nor was she actively seeking work, from November 1, 2015, through February 6, 2016, other than filling out a total of four online applications. It was not until January 2016, two months after she applied for unemployment benefits, that Moore began to look for work by calling employment agencies in addition to searching online. She testified she was sixty-eight years old, did not drive, was still afraid to go out and look for work because of the prior threats,

and had even decided to retire temporarily on February 7, 2016. During the October 20, 2017 hearing, Moore confirmed to the hearing examiner she had retired as of February 7, 2016, but that after discovering the man who threatened her was now imprisoned for life without parole, felt safer and began sending out resumes again. As a result of her diligent efforts, Moore had the good fortune of securing new employment.

Based on the substantial credible evidence in the record that appellant was not seeking work pursuant to N.J.S.A. 43:21-4(c)(1) during the relevant time period, and that such a determination was not arbitrary, capricious, nor an abuse of discretion, we affirm the decision Moore was ineligible for benefits from November 1, 2015 through February 6, 2016.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4382-17T4