**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2236-19

WILLIAM NORIEGA,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and YRC, INC.,

     Respondents.

_____

Argued September 30, 2021 – Decided October 14, 2021

Before Judges Mawla and Mitterhoff.

On appeal from the Board of Review, Department of Labor, Docket No. 160576.

Robert P. Altemus argued the cause for appellant.

Bryce K. Hurst, Deputy Attorney General, argued the cause for respondent (Andrew J. Bruck, Acting Attorney General, attorney; Sookie Bae-Park, Assistant Attorney General, of counsel; Jana R. DiCosmo, Deputy Attorney General, on the brief).

PER CURIAM

Appellant William Noriega appeals from a November 25, 2019 final decision by the Board of Review finding he was disqualified from receiving unemployment compensation under N.J.S.A. 43:21-4(c) because he was unable to work. We affirm.

We take the following facts from the record including three hearings before the appeal tribunal. Noriega began working as a driver for YRC, Inc. in 2015. In November 2016, he was injured in a motor vehicle accident unrelated to his employment. Although Noriega returned to work following the accident, he eventually took medical leave to have shoulder surgery. His final day of work was June 23, 2017.

Noriega began collecting disability benefits on June 29, 2017. He had a second surgery, this time on his wrist, on November 28, 2017.

Following Noriega's June 2017 departure, YRC alleged he did not provide updates or submit any medical documentation regarding his surgeries or estimated return date. On December 20, 2017, YRC sent Noriega a letter, which read as follows:

> Please be advised you have failed to notify us since your last day of work. [Your] [l]ast day of actual work was . . . June 23. We haven't heard or received any notice from you since then. If we don't hear from you within [seventy-two] hours of receipt of this letter your name will be removed immediately from [the] YRC

> Freight Carney, New Jersey Local 560 seniority list which will result in a voluntary quit.

The letter was delivered via UPS next day air. YRC did not receive a response to the letter and terminated Noriega effective December 20, 2017.

Noriega claimed he did not receive YRC's letter. He testified he called his former supervisor at YRC twice between June and December 2017 to keep him abreast of his status. Noriega conceded he did not provide any medical records to YRC.

Noriega's doctor issued a letter dated June 18, 2018, clearing him to return to work on June 19, 2018, subject to certain restrictions. According to the letter, he was restricted from "frequently" lifting more than ten pounds and "occasionally" more than twenty pounds. His doctor also noted Noriega "will have some activity restrictions regarding the left wrist which will not allow him to return to work as a tractor-trailer driver."

When Noriega called YRC seeking to return, his supervisor informed him he was no longer employed. Noriega filed for unemployment compensation on July 22, 2018. He was approved by a Deputy Director of the Division of Unemployment and Disability Insurance. YRC appealed and following a hearing at which a YRC representative testified, the tribunal reversed and disqualified Noriega from receiving unemployment compensation. The tribunal

3

concluded Noriega left work voluntarily without good cause attributable to the work, N.J.S.A. 43:21-5(a), and abandoned his employment, N.J.A.C. 12:17-9.11(b) by failing to return from leave or otherwise communicate with YRC following his June 23, 2017 departure. He was ordered to repay $7,826 in unemployment compensation received between July 28 and October 20, 2018.

Noriega appealed the decision, arguing he did not appear at the hearing before the tribunal because he did not receive notice. The Board remanded the matter to the tribunal to consider his testimony. At the subsequent hearing, Noriega testified he had been unable to work since he first filed for unemployment compensation.

Noriega also informed the tribunal he had another surgery for a hernia around July 2019. The hearing was postponed allowing him to obtain medical documents regarding the surgeries. At the third hearing, Noriega testified he was unable to work from June 2018 through October 2018.

The tribunal found Noriega ineligible for unemployment compensation pursuant to N.J.S.A. 43:21-4(c)(1) from July 22 through October 20, 2018, because he was unable to work at the time he applied. Noriega appealed and the Board affirmed the tribunal's decision.

A-2236-19

On this appeal, Noriega argues the Board erred in finding he was unable to return to work after June 18, 2018. He contends the letter from his physician was conclusive evidence of his ability to return to work and that he kept YRC abreast of his status. He argues the Board's failure to consider this evidence was arbitrary, capricious, and unreasonable. Noriega asserts the Board misinterpreted the portion of his testimony where he stated he was unable to work. He claims the context of his testimony shows he meant he was unable to work for any employer other than YRC.

The scope of our review of an administrative agency's final determination is strictly limited. Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997). "If the Board's factual findings are supported 'by sufficient credible evidence, courts are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Rev., 91 N.J. 453, 459 (1982)). The agency's decision may not be disturbed unless shown to be arbitrary, capricious, unreasonable or inconsistent with the applicable law. Ibid.; In re Warren, 117 N.J. 295, 296 (1989). Thus, "[i]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Brady, 152 N.J. at 210 (quoting

<u>Charatan v. Bd. of Rev.</u>, 200 N.J. Super. 74, 79 (App. Div. 1985)) (alteration in original).

A claimant is not eligible for unemployment compensation unless he or she "is able to work, . . . available for work, and has demonstrated [they are] actively seeking work." <u>Ford v. Bd. of Rev.</u>, 287 N.J. Super. 281, 284 (App. Div. 1996) (quoting N.J.S.A. 43:21-4(c)(1)). The Board considered the doctor's letter and Noriega's testimony claiming he kept in touch with YRC. Notwithstanding this evidence, Noriega twice conceded during his testimony that he was unable medically to work during the period he was receiving unemployment compensation. Our review of the record does not convince us the Board took his testimony out of context. Therefore, he was liable to repay the full amount of compensation received. <u>See</u> N.J.S.A. 43:21-16(d)(1). The Board's decision was not arbitrary, capricious, unreasonable, or contrary to law, and was supported by the substantial credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2236-19